BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re First National Collection Bureau, Inc.
Class Action Litigation                                                    MDL No. _____

**MOTION OF DEFENDANT FIRST NATIONAL COLLECTION BUREAU, INC. FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

FIRST NATIONAL COLLECTION BUREAU, INC. ("FNCB"), the sole defendant in each of the three identical putative class actions at issue, respectfully moves this court for an order pursuant to 28 U.S.C. §1407, transferring to the Honorable Janis L. Sammartino, United States District Judge for the Southern District of California, for pre-trial consolidation the three class actions listed in the accompanying Schedule of Actions that allege FNCB's collection practices constitute a violation of the Telephone Communications Protection Act ("TCPA").

1. Consolidation of the three class actions in the Southern District of California is warranted because all the actions involve claims against FNCB with common – in fact, virtually identical - questions of fact and law regarding FNCB's purported TCPA violations. Each action alleges that FNCB violated the TCPA through its purported use of an automatic telephone dialing system and an artificial or prerecorded voice to place unsolicited debt collection calls to the cellular phones of the named plaintiffs and the class members without their consent.

2. The purported classes coincide in both scope and time.

3. The overlap in the three cases will invariably generate duplicative motion practice, discovery requests and disputes.  Consolidation of the three cases will eliminate such

duplication, along with the avoidance of potentially inconsistent rulings.  Plus, the resources of the courts and the litigants will be conserved.

    4.    The Southern District of California where the *Hunter* case is already venued, is the most appropriate forum to preside over the consolidated class actions because it is the natural mid-point location of the transferee districts and easily accessible by the parties and counsel.  It also has the resources and judicial expertise to handle the three related class actions.

Respectfully submitted,

GORDON & REES LLP

DATED: February 3, 2014        _____/s/_____
                                      GARY J. LORCH
                                      AMY MACLEAR
                                      Attorneys for Defendant

GARY J. LORCH (SBN: 119989)
glorch@gordonrees.com
AMY MACLEAR (SBN: 215638)
amaclear@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 262-3763