BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION


In re First National Collection Bureau, Inc.
Class Action Litigation                                    MDL No. _____


**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF DEFENDANT
FIRST NATIONAL COLLECTION BUREAU, INC.'S  MOTION FOR TRANSFER AND
CONSOLIDATION OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407**


FIRST NATIONAL COLLECTION BUREAU, INC. ("FNCB"), the sole defendant in
each of the three class action cases, respectfully submits this brief in support of its motion,
pursuant to 28 U.S.C. §1407, for an order transferring to the Honorable Janis L. Sammartino,
United States District Judge for the Southern District of California,[1] for pre-trial consolidation
the three identical putative class actions (listed in the accompanying Schedule of Actions) that
allege FNCB's collection practices constitute a violation of the Telephone Communications
Protection Act[2] ("TCPA").

## I.        Introduction and Summary of Position

Consolidation of the three class actions in the Southern District of California is warranted
because all the actions involve claims against FNCB with common – in fact, virtually identical -
questions of fact and law regarding FNCB's purported TCPA violations. Each action alleges that
FNCB violated the TCPA through its purported use of an automatic telephone dialing system and
an artificial or prerecorded voice to place unsolicited debt collection calls to the cellular phones
of the named plaintiffs and the class members without their consent.   And the purported classes

---

[1] Judge Sammartino currently presides over one of the cases subject of this Motion, *Nanette Hunter v. First National Collection Bureau, Inc.*, United States District Court Case No. 13-cv-01515-JSL-KSC (the "*Hunter* case").

[2] 47 U.S.C. § 227 *et seq.*

coincide in both scope and time.  The overlap in the three cases will invariably generate duplicative motion practice, discovery requests and disputes.  Consolidation of the three cases will eliminate such duplication, along with the avoidance of potentially inconsistent rulings. Plus, the resources of the courts and the litigants will surely be conserved.

The Southern District of California where the *Hunter* case is already venued,  is the most appropriate forum to preside over the consolidated class actions because it is the natural mid-point location of the  transferee districts and easily accessible by the parties and counsel.  It also has the resources and judicial expertise to handle the three related class actions.

## II.      Pertinent Factual Background

The factual predicate for each case is essentially the same: Plaintiffs each allege that FNCB, which is in the business of collecting debts on behalf of various third parties, violated the TCPA by its purported use of an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice to place unsolicited debt collection calls to the cellular cell phones of the named plaintiffs and the putative class members without their consent.  A summary of each action's allegations follows.

On June 17, 2013, Plaintiff Claudette Neal ("Neal") filed in the Eastern District of California a Class Action Complaint in the action entitled *Claudette Neal v. First National Collection Bureau, Inc.*, Case No. 13-cv-01206-WBS-CKD (the "*Neal* action").  In her Complaint, Ms. Neal alleges that FNCB violated the TCPA through its purported use of an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice to place unsolicited debt collection calls to the cellular phones of Neal and the class members without their consent.  The *Neal* Action purports to be brought on behalf of the following defined class:

> All persons within the United States who received any telephone
> calls from Defendant to said person's cellular telephone made
> through the use of any automatic telephone dialing system or an
> artificial or prerecorded voice and such person had not previously
> consented to receiving such calls within the four years prior to the
> filing of this Complaint.

The purported Class period dates back four (4) years from the date the action was filed to June 17, 2009.

Just days later, on June 28, 2013, the *Hunter* action was commenced.  As demonstrated by the Class Action Complaint filed by Ms. Hunter, she set forth nearly identical allegations about FNCB's purported violation of the TCPA, and includes the following similarly class definition:

> All persons within the United States who received any telephone
> calls from Defendant or their agents to said person's cellular
> telephone through the use of any automatic telephone dialing
> system or with an artificial or prerecorded voice who did not
> provide prior express consent during the transaction that resulted in
> the debt owed, within the four years prior to the filing of the
> Complaint in this action.

The purported class period in the *Hunter* action commences on June 28, 2009.

Lastly, only one month later, Jessica Beell filed in the United States District Court for Nevada a Class Action Complaint against FNCB, entitled *Jessica Beell v. First National Collection Bureau, Inc.*, Case No. 13-cv-01303-KJD-CWH (the "*Beell*" action").  The Complaint filed in the *Beell* action contains nearly indistinguishable allegations about FNCB's purported violation of the TCPA, and also contains the following nearly identical class definition:

> All individuals in the United States who (1) received a telephone
> call; (2) made by or on behalf of Defendant First National
> Collection Bureau, Inc.; (3) on a cellular telephone number; (4)
> that the call recipient did not provide directly to Defendant or a
> third party lender, creditor, or retailer at the time he or she
> allegedly incurred the debt underlying the telephone call.

The Beell purported class period runs from July 23, 2009.

The three cases are in a similar procedural posture, with answers having been filed by FNCB and no pending class certification motions.  Discovery has not been commenced in either the *Hunter* action or the *Beell* action, and remains in its infancy in the *Neal* action.[3]

### III.     Argument

In evaluating a motion for transfer and consolidation, the Panel considers whether the actions sought to be consolidated involve common questions of fact, whether consolidation will promote a just and efficient resolution of the parties' disputes, and whether transfer and consolidation will best serve the convenience of the parties and witnesses. (28 U.S.C. § 1407; *In re Desloratadine Patent Litig.* (J.P.M.L. 2007) 502 F. Supp. 2d 1354, 1355.)  Each of the three factors is met by the consolidation and transfer sought by this Motion.

### A.  <u>The three related class actions involve common questions of law and fact</u>

First, each of the three related class actions involves claims against FNCB alleging it violated the TCPA through its purported use of an automatic telephone dialing system and an artificial or prerecorded voice to place unsolicited debt collection calls to the cellular phones of the named plaintiffs and the class members without their consent.  Thus, each of the three actions will entail the following legal and factual issues best addressed in a consolidated action:

- An evaluation of the means and methods FNCB obtains the debtors' contact information in connection with the defense of consent;

- FNCB's policies regarding consent to place calls to debtors' mobile phones; and

- FNCB's collection call system, equipment, servers and databases employed

---

[3]   There is a fourth class action lawsuit against FNCB that also alleges violations of the TCPA, in addition to other non-TCPA claims.  That action, which is pending in the Southern District of Ohio, is entitled *Dennis Brown, et al. v. First National Collection Bureau, Inc*, and assigned Case No. 1:13-cv-00524.  Due to the inclusion of other non-TCPA claims and the procedural posture of that case, FNCB believes it is not appropriate for consolidation with the other three cases, and is not seeking to consolidate that action at this time.

during the pertinent four year class period and whether it violates the TCPA. Thus, with only a single defendant's practices for the same 4 year class period under scrutiny, the three class actions are appropriate for Section 1407 transfer and consolidation.

**B.  Transfer and consolidation will promote judicial efficiency and further the convenience of the parties and witnesses**

Second, transfer and consolidation will promote the just and efficient conduct of the actions as only one court will be required to manage discovery, consider and rule upon a motion for class certification, and conduct other pretrial proceedings, all the while familiarizing itself with the factual predicate, including FNCB's technology and call systems. Consolidation will also prevent inconsistent rulings on critical issues such as whether FNCB's call system violates the TCPA and whether the cases are appropriate for class treatment. (See *In re Desloratadine Patent Litig., supra*, 502 F. Supp. 2d at 1355.)

Third, transfer and consolidation will be most convenient to the parties and witnesses as they will only have to conduct discovery, or appear for deposition, in one forum on a unified schedule, while avoiding duplicative discovery and proceedings.   (*In  re Inter-Op Hip Prosthesis Prods. Liab. Litig.,* (J.P.M.L. 2001) 149 F. Supp. 2d 931, 933 [explaining that centralization would effectuate "an overall savings of cost and a minimum of inconvenience to all concerned"]; *In re Vioxx Prod. Liab. Litig.* (J.P.M.L. 2005) 360 F.Supp.1352, 1354 [pointing out that "transfer under Section 1407 has the salutary effect of placing all the actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues …and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties."]. )  The potential of

duplication is particularly true here given the nationwide scope of the class members and virtually identical class period in each of the three class actions.

**C.  The Southern District of California is the most appropriate venue for the consolidation of the three related class actions**

The Southern District of California is the most appropriate forum for the consolidation of the three class actions based on its centrality, resources, and judicial expertise to handle the three related class actions.  Southern District of California Court Judge Janis Sammartino is currently presiding over the *Hunter* action and is familiar with class actions, including those involving the TCPA.   Plus, the Southern District of California is the natural mid-point location of the three district courts and easily accessible by the parties and counsel.  Indeed, Plaintiffs' counsel in the *Neal* and *Hunter* actions have offices conveniently close to the Southern District of California court.  And counsel for FNCB has offices in Southern California making the Southern District of California venue easily accessible.  These geographic and efficiency benefits in support of the Southern District of California venue outweigh any potential inconvenience to Las Vegas-based counsel in the *Beell* action which can be alleviated by the ability to appear telephonically when needed.[4]

**IV.    Conclusion**

Consolidation of the three class actions in the Southern District of California is warranted because each case involves TCPA violation claims against FNCB with nearly identical questions of fact and law and overlapping classes and class periods.   The requested Southern District of California venue, home to the *Hunter* case,  offers centrality, accessibility, judicial management, and expertise.   Accordingly, FNCB respectfully requests the Panel consolidate the three class

---

[4] Plaintiff Beell also is represented by the Edelson LLC firm based in Chicago, Illinois. (See Exhibit C to the accompanying Schedule of Actions for the *Beell* action docket.) Thus, the venue transfer from Las Vegas to the Southern District of California located in San Diego, California is presumed to have  no impact on the  Edelson firm's representation given the pre-existing geographic circumstances.

actions for all pre-trial proceedings and transfer the *Beell* and *Neal* actions to the Southern

District of California.


Respectfully submitted,

GORDON & REES LLP


DATED: February 3, 2014                    _____/s/_____
                                           GARY J. LORCH
                                           AMY MACLEAR
                                           Attorneys for Defendant

GARY J. LORCH (SBN: 119989)
glorch@gordonrees.com
AMY MACLEAR (SBN: 215638)
amaclear@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 262-3763