# Exhibit A

CIVIL

# U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CIVIL DOCKET FOR CASE #: 2:13-cv-01206-WBS-CKD

Neal v. First National Collection Bureau, Inc.
Assigned to: Senior Judge William B. Shubb
Referred to: Magistrate Judge Carolyn K. Delaney
Cause: 28:1331 Fed. Question

Date Filed: 06/17/2013
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Claudette Neal**     represented by     **Joshua Branden Swigart**
Hyde and Swigart
2221 Camino Del Rio South
Suite 101
San Diego, CA 92108
(619) 233-7770
Fax: (619) 297-1022
Email: josh@westcoastlitigation.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Seyed Abbas Kazerounian**
Kazerounian Law Group
245 Fischer Avenue
Suite D1
Costa Mesa, CA 92626
800-400-6808
Fax: 800-520-5523
Email: ak@kazlg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew M. Loker**
Kazerouni Law Group, APC
245 Fischer Avenue
Unit D1
Costa Mesa, CA 92626
800-400-6808
Fax: 800-520-5523
Email: ml@kazlg.com
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| | | **Todd M. Friedman**<br>Law Offices of Todd M. Friedman, P.C.<br>369 South Doheny Drive<br>Suite 415<br>Beverly Hills, CA 90211<br>877-206-4741<br>Fax: 866-633-0228<br>Email: tfriedman@attorneysforconsumers.com<br>*ATTORNEY TO BE NOTICED* |
| V. | | |
| **Defendant** | | |
| **First National Collection Bureau, Inc.** | represented by | **Christopher David Holt**<br>Klinedinst PC<br>4 Hutton Centre Drive<br>Suite 675<br>Santa Ana, CA 92707<br>714-542-1800<br>Fax: 714-542-3592<br>Email: cholt@klinedinstlaw.com<br>*TERMINATED: 01/24/2014*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Issa Kalani Moe**<br>Moss and Burnett P.A.<br>4800 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-4129<br>612-877-5399<br>Fax: 612-877-5016<br>Email: moei@moss-barnett.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Amy Maclear**<br>Gordon and Rees LLP (San Francisco)<br>275 Battery Street<br>Suite 2000<br>San Francisco, CA 94111<br>415-986-5900-3171<br>Fax: 415-262-3763<br>Email: amaclear@gordonrees.com |

*ATTORNEY TO BE NOTICED*

**Gary J. Lorch**
Gordon & Rees Llp
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
213-576-5000-5052
Fax: 213-680-4470
Email: glorch@gordonrees.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2013 | 1 | COMPLAINT against First National Collection Bureau, Inc. by Claudette Neal. Attorney Friedman, Todd M. added. (Attachments: # 1 Civil Cover Sheet)(Friedman, Todd) (Entered: 06/17/2013) |
| 06/18/2013 |  | RECEIPT number #CAE200053274 $400.00 fbo Claudette Neal by Lee P. Mankin on 6/18/2013. (Kaminski, H) (Entered: 06/18/2013) |
| 06/18/2013 | 3 | SUMMONS ISSUED as to *First National Collection Bureau, Inc.* with answer to complaint due within *21* days. Attorney *Todd M. Friedman* *Law Offices of Todd M. Friedman, P.C.* *369 South Doheny Drive, Suite 415* *Beverly Hills, CA 90211*. (Kaminski, H) (Entered: 06/18/2013) |
| 06/18/2013 | 4 | CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 9/16/2013 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. (Attachments: # 1 Consent Form, # 2 VDRP) (Kaminski, H) (Entered: 06/18/2013) |
| 06/27/2013 | 5 | CONSENT to JURISDICTION of US MAGISTRATE JUDGE by Claudette Neal. (Friedman, Todd) (Entered: 06/27/2013) |
| 07/08/2013 | 6 | SUMMONS RETURNED EXECUTED: First National Collection Bureau, Inc. served on 6/27/2013. (Friedman, Todd) Modified on 7/9/2013 (Mena-Sanchez, L). (Entered: 07/08/2013) |
| 07/09/2013 | 7 | STIPULATION *to Extend Time to Respond to Complaint* by First National Collection Bureau, Inc., Claudette Neal. Attorney Moe, Issa Kalani added. (Moe, Issa) (Entered: 07/09/2013) |
| 07/24/2013 | 8 | NOTICE of APPEARANCE by Seyed Abbas Kazerounian on behalf of Claudette Neal. Attorney Kazerounian, Seyed Abbas added. (Attachments: # 1 Proof of Service) (Kazerounian, Seyed) (Entered: 07/24/2013) |
| 07/24/2013 | 9 | NOTICE of APPEARANCE by Joshua Branden Swigart on behalf of Claudette Neal. Attorney Swigart, Joshua Branden added. (Attachments: # 1 Proof of Service)(Swigart, Joshua) (Entered: 07/24/2013) |

| | | |
|---|---|---|
| 07/29/2013 | 10 | SUMMONS RETURNED EXECUTED: First National Collection Bureau, Inc. served on 7/8/2013, answer due 7/29/2013. (Friedman, Todd) (Entered: 07/29/2013) |
| 08/15/2013 | 11 | ANSWER by First National Collection Bureau, Inc..(Moe, Issa) (Entered: 08/15/2013) |
| 08/15/2013 | 12 | STATEMENT of Corporate Disclosure by Defendant First National Collection Bureau, Inc.. (Moe, Issa) (Entered: 08/15/2013) |
| 08/29/2013 | 13 | JOINT STATUS REPORT by Claudette Neal. (Friedman, Todd) (Entered: 08/29/2013) |
| 09/13/2013 | 14 | STATUS (PRETRIAL SCHEDULING) ORDER signed by Senior Judge William B. Shubb on 9/12/16. The parties shall serve the initial disclosures by no later than 10/30/13. The parties shall disclose experts and produce reports by no 2/28/14. All Discovery shall be completed 8/29/2014., All Dispositive Motions shall be filed by 9/26/2014. The Final Pretrial Conference is SET for 11/10/2014 at 02:00 PM in Courtroom 5 (WBS) before Senior Judge William B. Shubb. Jury Trial is SET for 2/3/2015 at 09:00 AM in Courtroom 5 (WBS) before Senior Judge William B. Shubb.(Mena-Sanchez, L) (Entered: 09/13/2013) |
| 09/19/2013 | 15 | NOTICE of APPEARANCE by Matthew M. Loker on behalf of Claudette Neal. Attorney Loker, Matthew M. added. (Attachments: # 1 Proof of Service)(Loker, Matthew) (Entered: 09/19/2013) |
| 10/01/2013 | 16 | NOTICE of APPEARANCE by Christopher David Holt on behalf of First National Collection Bureau, Inc.. Attorney Holt, Christopher David added. (Attachments: # 1 Proof of Service Certificate of Service)(Holt, Christopher) (Entered: 10/01/2013) |
| 11/13/2013 | 17 | SUBSTITUTION of ATTORNEY - PROPOSED, submitted by First National Collection Bureau, Inc.. (Attachments: # 1 Proof of Service)(Holt, Christopher) (Entered: 11/13/2013) |
| 01/24/2014 | 18 | ORDER SUBSTITUTING ATTORNEY signed by Senior Judge William B. Shubb on 1/24/2014 Attorney Gary J. Lorch, and Amy Maclear for First National Collection Bureau, Inc., attorney Christopher David Holt terminated. (Reader, L) (Entered: 01/24/2014) |
| 01/27/2014 | 19 | STIPULATION and PROPOSED ORDER for Protective Order for Litigation Involving Highly Sensitive Confidential Information by First National Collection Bureau, Inc.. (Maclear, Amy) (Entered: 01/27/2014) |
| 01/29/2014 | 20 | STIPULATED PROTECTIVE ORDER signed by Magistrate Judge Carolyn K. Delaney on 1/29/2014 re: Highly Sensitive Confidential Information. (Donati, J) (Entered: 01/29/2014) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 02/03/2014 11:24:23 |

| PACER Login: | gr0084 | Client Code: | mgt-8010110 |
| --- | --- | --- | --- |
| Description: | Docket Report | Search Criteria: | 2:13-cv-01206-WBS-CKD |
| Billable Pages: | 3 | Cost: | 0.30 |

Todd M. Friedman (SBN 216752)
Nicholas J. Bontrager (SBN 252114)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com

L. Paul Mankin, IV (SBN 264038)
Law Offices of L. Paul Mankin, IV
8730 Wilshire Blvd, Suite 310
Beverly Hills, CA 90211
Phone: 800-219-3577
Fax: 866-633-0228

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDETTE NEAL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC.,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Claudette Neal ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of First National Collection Bureau, Inc. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within the Eastern District of California.

## PARTIES

4. Plaintiff, Claudette Neal ("Plaintiff"), is a natural person residing in Carmichael, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Defendant, First National Collection Bureau, Inc. ("Defendant"), is a leader in consumer debt buying and recovery/collection and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

6. Beginning in or around November or December of 2012, Defendant contacted Plaintiff on her cellular telephone ending in 9310, in an attempt to collect an alleged outstanding debt owed for personal telephone/cable utility services.

7. Defendant placed multiple calls a day, often upwards of two (2) to three (3) calls in a single day, on a virtual daily basis to Plaintiff's cellular telephone seeking to collect

the alleged debt owed. Defendant placed these calls from its telephone number (714) 495-4808.

8. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed.

9. When Plaintiff would answer Defendant's calls to her cellular telephone she would be routinely greeted with a pre-recorded notification advising Plaintiff to continue to hold on the line until one of Defendant's representatives could be available. By way of such pre-recorded greetings, Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

10. Furthermore, Plaintiff repeatedly demanded that Defendant cease placing such collection calls to her cellular telephone. Despite this, Defendant continued to call Plaintiff's cellular telephone via the "automatic telephone dialing system."

11. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

13. Plaintiff did not own the cellular telephone number ending in 9310 at the time the alleged debt was incurred and never provided said cellular telephone number to the creditor of the alleged debt. As such, Plaintiff is informed, believes and thereon alleges that Defendant obtained Defendant's cellular telephone number via "skiptracing."

14. Plaintiff has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever. Furthermore, Plaintiff did not possess her current cellular telephone number at the time in which the alleged debt was incurred. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

15.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

16.    Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

17.    Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

18.    The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

19.    Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the

privacy of said Plaintiff and Class members.

20. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

 a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

 b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

 c. Whether Defendant should be enjoined from engaging in such conduct in the future.

21. As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

22. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

23. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual

issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

25. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

28. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

29. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

32. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

33. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 17th day of June, 2013.

                LAW OFFICES OF TODD M. FRIEDMAN, P.C.

        By:   /s/ Todd M. Friedman
                Todd M. Friedman
                Law Offices of Todd M. Friedman
                Attorney for Plaintiff