# Exhibit C

Exhibit C

# United States District Court
# District of Nevada (Las Vegas)
# CIVIL DOCKET FOR CASE #: 2:13-cv-01303-KJD-CWH

Beell v. First National Collection Bureau, Inc.
Assigned to: Judge Kent J. Dawson
Referred to: Magistrate Judge Carl W. Hoffman
Cause: 28:1331 Fed Question: Fed Communications Act of 1

Date Filed: 07/23/2013
Jury Demand: Plaintiff
Nature of Suit: 450 Commerce ICC Rates, Etc.
Jurisdiction: Federal Question

## Plaintiff

Jessica Beell     represented by     **Benjamin H Richman**
Edelson P.C.
350 North LaSalle Street
Chicago, IL 60654
312-589-6370
Fax: 312-589-6378
Email: brichman@edelson.com
*ATTORNEY TO BE NOTICED*

**Christopher L. Dore**
Edelson P.C.
350 North LaSalle St, Ste 1300
Chicago, IL 60654
312-589-6370
Email: cdore@edelson.com
*ATTORNEY TO BE NOTICED*

**Rafey S Balabanian**
Edelson McGuire, LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
312-589-6370
Fax: 312-589-6370
Email: rbalabanian@edelson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc P Cook**
Bailus Cook & Kelesis, Ltd.
400 So. 4th Street
Suite 300
Las Vegas, NV 89101
(702) 737-7702

                    Fax: (702) 737-7712
                    Email: cnklawfirm@aol.com
                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **First National Collection Bureau, Inc.** | represented by | **Gary J. Lorch**<br>Gordon & Rees LLP<br>633 W Fifth St 52nd Fl<br>Los Angeles, CA 90071<br>213-576-5000<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stephanie J Smith**<br>Gordon & Rees LLP<br>3770 Howard Hughes Parkway<br>Suite 100<br>Las Vegas, NV 89169<br>702-577-9300<br>Fax: 702-255-2858<br>Email: sjsmith@gordonrees.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Rex Garner**<br>Morris Law Group<br>900 Bank Of America Plaza<br>300 S. Fourth Street<br>Las Vegas, NV 89101-<br>Email: rdg@morrislawgroup.com<br>*TERMINATED: 11/12/2013*<br><br>**Robert R. McCoy**<br>Morris Law Group<br>900 Bank Of America Plaza<br>300 S. Fourth Street<br>Las Vegas, NV 89101-<br>702-474-9400<br>Fax: 702-474-9422<br>Email: rrm@morrislawgroup.com<br>*TERMINATED: 11/12/2013* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2013 | 1 | COMPLAINT - *CLASS ACTION* against First National Collection Bureau, Inc. (Filing fee $400 receipt number 0978-2898070), filed by Jessica Beell. Certificate of Interested Parties due by 8/2/2013. Proof of service due by 11/20/2013. (Cook, Marc) (Entered: 07/23/2013) |
| 07/23/2013 | | Case assigned to Judge Kent J. Dawson and Magistrate Judge Carl W. Hoffman. (ASB) (Entered: 07/23/2013) |
| 07/23/2013 | 2 | NOTICE PURSUANT TO LOCAL RULE IB 2-2: In accordance with 28 USC § 636(c) and FRCP 73, the parties in this action are provided with a link to the "AO 85 Notice of Availability, Consent, and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge" form on the Court's website - www.nvd.uscourts.gov. **Consent forms should NOT be electronically filed.** Upon consent of all parties, counsel are advised to manually file the form with the Clerk's Office.<br>A copy of form AO 85 has been mailed to parties not receiving electronic service. **(no image attached)** (ASB) (Entered: 07/23/2013) |
| 08/01/2013 | 3 | CERTIFICATE of Interested Parties filed by Jessica Beell that identifies all parties that have an interest in the outcome of this case. *Certificate of Interested Parties*. (Cook, Marc) (Entered: 08/01/2013) |
| 09/03/2013 | 4 | WAIVER OF SERVICE Returned Executed by Jessica Beell. First National Collection Bureau, Inc. waiver sent on 7/25/2013, answer due 9/23/2013. (Cook, Marc) (Entered: 09/03/2013) |
| 09/18/2013 | 5 | VERIFIED PETITION for Permission to Practice Pro Hac Vice by Christopher L. Dore and DESIGNATION of Local Counsel Marc P. Cook (Filing fee $ 200 receipt number 0978-2965440) filed by Plaintiff Jessica Beell. Motion ripe 9/18/2013. (Cook, Marc) Modified to add link to corrected image 11 on 9/30/2013. (MAJ) (Entered: 09/18/2013) |
| 09/18/2013 | 6 | VERIFIED PETITION for Permission to Practice Pro Hac Vice by Benjamin H. Richman and DESIGNATION of Local Counsel Marc P. Cook (Filing fee $ 200 receipt number 0978-2965462) filed by Plaintiff Jessica Beell. Motion ripe 9/18/2013. (Cook, Marc) Modified to add link to corrected image 10 on 9/30/2013. (MAJ) (Entered: 09/18/2013) |
| 09/18/2013 | 7 | VERIFIED PETITION for Permission to Practice Pro Hac Vice by Rafey S. Balabanian and DESIGNATION of Local Counsel Marc P. Cook (Filing fee $ 200 receipt number 0978-2965695) filed by Plaintiff Jessica Beell *Verified Petition for Permission to Practice in This Case Only by Attorney Not Admitted to the Bar of This Court and Designation of Local Counsel for Rafey S. Balabanian*. Motion ripe 9/18/2013. (Cook, Marc) Modified to add link to corrected image 12 on 9/30/2013. (MAJ) (Entered: 09/18/2013) |
| 09/23/2013 | 8 | ANSWER to 1 Complaint, filed by First National Collection Bureau, Inc.. Certificate of |

| | | |
|---|---|---|
| | | Interested Parties due by 10/3/2013. Discovery Plan/Scheduling Order due by 11/7/2013.(Garner, Rex) (Entered: 09/23/2013) |
| 09/23/2013 | [9](#) | CERTIFICATE of Interested Parties filed by First National Collection Bureau, Inc.. There are no known interested parties other than those participating in the case . (Garner, Rex) (Entered: 09/23/2013) |
| 09/30/2013 | [10](#) | NOTICE of Corrected Image/Document re [6](#) VERIFIED PETITION for Permission to Practice Pro Hac Vice and DESIGNATION of Local Counsel by Plaintiff Jessica Beell. (Service of corrected image is attached). (Cook, Marc) (Entered: 09/30/2013) |
| 09/30/2013 | [11](#) | NOTICE of Corrected Image/Document re [5](#) VERIFIED PETITION for Permission to Practice Pro Hac Vice and DESIGNATION of Local Counsel by Plaintiff Jessica Beell. (Service of corrected image is attached). (Cook, Marc) (Entered: 09/30/2013) |
| 09/30/2013 | [12](#) | NOTICE of Corrected Image/Document re [7](#) VERIFIED PETITION for Permission to Practice Pro Hac Vice by Rafey S. Balabanian and DESIGNATION of Local Counsel Marc P. Cook (Filing fee $ 200 receipt number 0978-2965695) filed by Plaintiff Jessica Beell *Verified Petition for Permission t by Plaintiff Jessica Beell. (Service of corrected image is attached). (Cook, Marc) (Entered: 09/30/2013)* |
| 10/16/2013 | [13](#) | ORDER Granting [6](#) Verified Petition for Permission to Practice Pro Hac Vice for Attorney Benjamin H. Richman and approving Attorney Marc P. Cook as Designation of Local Counsel for Plaintiff Jessica Beell. Signed by Judge Kent J. Dawson on 10/16/2013.<br>Any Attorney not yet registered with the Court's CM/ECF System shall submit a Registration Form on the Court's website www.nvd.uscourts.gov<br>(Copies have been distributed pursuant to the NEF - SLD) (Entered: 10/16/2013) |
| 10/16/2013 | [14](#) | ORDER Granting [5](#) Verified Petition for Permission to Practice Pro Hac Vice for Attorney Christopher L. Dore and approving Attorney Marc P. Cook as Designation of Local Counsel for Plaintiff Jessica Beell. Signed by Judge Kent J. Dawson on 10/16/2013.<br>Any Attorney not yet registered with the Court's CM/ECF System shall submit a Registration Form on the Court's website www.nvd.uscourts.gov<br>(Copies have been distributed pursuant to the NEF - SLD) (Entered: 10/16/2013) |
| 10/16/2013 | [15](#) | ORDER Granting [7](#) Verified Petition for Permission to Practice Pro Hac Vice for Attorney Rafey S. Balabanian and approving Attorney Marc P. Cook as Designation of Local Counsel for Plaintiff Jessica Beell. Signed by Judge Kent J. Dawson on 10/16/2013.<br>Any Attorney not yet registered with the Court's CM/ECF System shall submit a Registration Form on the Court's website www.nvd.uscourts.gov<br>(Copies have been distributed pursuant to the NEF - SLD) (Entered: 10/16/2013) |
| 11/08/2013 | [16](#) | MOTION to Substitute Attorney by Defendant First National Collection Bureau, Inc.. (Smith, Stephanie) Wrong event selected, modified on 11/8/2013. (MAJ) (Entered: 11/08/2013) |

| 11/12/2013 | 17 | ORDER Granting 16 Motion to Substitute Attorney Stephanie J. Smith in place and stead of Attorneys Rex Garner and Robert R. McCoy for First National Collections Bureau, Inc. Signed by Magistrate Judge Carl W. Hoffman on 11/12/13. (Copies have been distributed pursuant to the NEF - MMM) (Entered: 11/13/2013) |
|---|---|---|
| 11/18/2013 | 18 | (1st Notice) **NOTICE: of Non-Compliance with Special Order 109:** that **Benjamin H. Richman** is in violation of Special Order 109.<br><br>Participation in the electronic filing system became mandatory for all attorneys effective January 1, 2006.<br><br>*You are required to register for the Courts Case Management and Electronic Case Filing (CM/ECF) program and the electronic service of pleadings.*<br><br>Please visit the Courts website at **www.nvd.uscourts.gov,** then select **ATTORNEY REGISTRATION** located in the middle of the web page to register.<br><br>**(no image attached)** (RFJ) (Entered: 11/18/2013) |
| 12/06/2013 | 19 | VERIFIED PETITION for Permission to Practice Pro Hac Vice by Gary J. Lorch and DESIGNATION of Local Counsel Stephanie J. Smith (Filing fee $ 200 receipt number 0978-3057591) by Defendant First National Collection Bureau, Inc.. Motion ripe 12/6/2013. (AF) (Entered: 12/09/2013) |
| 12/20/2013 | 20 | ORDER Granting 19 Verified Petition for Permission to Practice Pro Hac Vice for Attorney Gary J. Lorch and approving Designation of Local Counsel Stephanie J. Smith for First National Collection Bureau, Inc.. Signed by Judge Kent J. Dawson on 12/17/13. Any Attorney not yet registered with the Court's CM/ECF System shall submit a Registration Form on the Court's website www.nvd.uscourts.gov<br>(Copies have been distributed pursuant to the NEF - MMM) (Entered: 12/20/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/03/2014 10:39:27 | | | |
| **PACER Login:** | gr0084 | **Client Code:** | mgt-8010110 |
| **Description:** | Docket Report | **Search Criteria:** | 2:13-cv-01303-KJD-CWH |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

```
1   MARC P. COOK
2   BAILUS COOK &KELESIS, LTD.
    517 South 9th Street
3   Las Vegas, NV 89101
    Telephone: (702) 737-7702
4   Facsimile: (702) 737-7712
    Email: cnklawfirm@aol.com
5
6   Attorneys for Plaintiff
7
                    UNITED STATES DISTRICT COURT
8                       DISTRICT OF NEVADA
9
    JESSICA BEELL, individually on her
    ownbehalf and on behalf of all others similarly     Case No.
10  situated,
11                          Plaintiff,
                                                        CLASS ACTION COMPLAINT
12          v.
13  FIRST NATIONAL COLLECTION
    BUREAU, INC., a Nevadacorporation,
14
                            Defendant.
15
16
```

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Jessica Beell brings this class action complaint against Defendant First National Collection Bureau, Inc., to stop Defendant's practice of making unsolicited phone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.      Defendant First National Collection Bureau, Inc. is debt collector working in conjunction with such retailers as Verizon.

1

2. In its collection efforts, Defendant engages in unlawful and unfair debt collection practices, including harassing borrowers with telephone calls at all hours of the day.

3. Defendant repeatedly made unsolicited telephone calls to Plaintiff's and the other putative Class member's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

4. Neither Plaintiff Beell, nor the other members of the proposed Class, ever provided the cellular telephone numbers on which they received calls to Defendant for any purpose, nor did they consent to have Defendant make telephone calls to those telephone numbers.

5. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their wireless carriers for the receipt of such telephone calls.

6. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff Beell, nor the other members of the putative Class, ever provided their cellular telephone numbers to Defendant or any other entity for any purpose related to a debt, and never provided Defendant consent to be called on their cellular telephones.

7. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff Jessica Beell is a natural person and citizen of the State of Washington.

9. Defendant First National Collection Bureau, Inc. is a corporation organized and existing under the laws of the State of Nevada with its principal place of business located at 3631

10. Warren Way, Reno, Nevada 89509. First National Collection Bureau does business throughout the United States and in this District.

## JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

12. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is incorporated under the laws of the State of Nevada and its principal place of business is located in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant placed and continues to place repeated and harassing phone calls to consumers who allegedly owe a debt held by Defendant, or held by a third party on whose behalf Defendant is acting, and who never provided the number called to Defendant or the third party. Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

14. Defendant has placed calls for the purpose of debt collection to thousands of consumers in the past four years.

15. In or around 2002, Plaintiff purchased a cellular telephone from Verizon. The cellular telephone did not work properly and, within one month of her purchase, Plaintiff returned the phone and did not purchase another.

16. In or around 2012, a debt of $1,026 appeared on Plaintiff's credit report from Verizon. This debt incorrectly stems from Plaintiff's 2002 Verizon purchase. Plaintiff does not owe any money to Verizon associated with her purchase of a cellular telephone.

17. Approximately three months after Plaintiff noticed the debt on her credit report, the debt became associated with Pinnacle Credit Services, instead of Verizon.

18. Thereafter, in or around November 2012, Plaintiff received at least five calls from Defendant on her cellular telephone for the purpose of trying to collect the alleged debt.

19. Plaintiff never provided her telephone number to Defendant or Verizon (nor non-party Pinnacle Credit Services), never consented to receive telephone calls from Defendant or Verizon at that number, did not provide that telephone number at the time she purchased a phone from Verizon, and did not provide that telephone number to Defendant, Pinnacle Credit Services, or Verizon in any other capacity at the time Plaintiff received the phone and allegedly incurred the debt.

20. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, wherein a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant. This technology dials several numbers simultaneously and connects the call to only those who answer first.

21. Defendant was and is aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent.

## CLASS ALLEGATIONS

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class (the "Class") defined as follows:

> All individuals in the United States who (1) received a telephone call; (2) made by or on behalf of Defendant First National Collection Bureau, Inc.; (3) on a cellular telephone number; (4) that the call recipient did not provide directly to Defendant or a third party lender, creditor, or retailer at the time he or she allegedly incurred the debt underlying the telephone call.

23. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to tens of thousands of consumers who fall into the

definition of the Class. Class members can be identified through Defendant's records.

24. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    (c) whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

    (d) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would

be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class without their prior express consent to receive such calls.

30. Defendant made the telephone calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

31. Defendant and its agents utilized equipment that made, or had made on its behalf, the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

32. By making, or having made on its behalf, the unsolicited telephone calls to Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of

$500 in damages for each such violation of the TCPA.

34. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jessica Beell, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Jessica Beell as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: July 23, 13

**JESSICA BEELL**, individually and on behalf of all others similarly situated,

By: /s/ Marc P. Cook
      One of her Attorneys

MARC P. COOK
cnklawfirm@aol.com
BAILUS COOK & KELESIS, LTD.
517 South 9th Street
Las Vegas, NV 89101
Telephone: (702) 737-7702