BEFORE THE UNITED STATES
JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION


IN RE: *First National Collection Bureau, Inc. TCPA Litigation*   MDL No. 2527

**PLAINTIFF CLAUDETTE NEAL'S RESPONSE TO MOTION TO TRANSFER AND CONSENT TO TRANSFER AND CONSOLIDATE**

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager (SBN 252114)
nbontrager@attorneysforconsumers.com
Suren N. Weerasuriya (SBN 278521)
sweerasuriya@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio S #101, San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Counsel for Plaintiff Claudette Neal*

## I. Introduction

Plaintiff, Claudette Neal ("Plaintiff") filed a class action lawsuit against Defendant, First National Collection Bureau, Inc. ("Defendant") in the Eastern District of California ("E.D. Cal."), alleging violations of the Telephone Consumer Protection Act ("TCPA"). *See Neal v. First National Collection Bureau, Inc.*, Case No. No. 13-cv-01206-WBS-CKD (E.D. Cal.). However, two similar TCPA class action cases were filed against Defendant in the District of Nevada and the Southern District of California, respectively: 1) *Hunter v. First National Collection Bureau, Inc.*, Case No. 13-cv-01515-JSL-KSC was filed in the Southern District of California; and 2) *Beell v. First National Collection Bureau, Inc,* Case No. 13-cv-01303-KJ-CWH was filed in the District of Nevada. Defendant moves to consolidate these three cases before the Honorable Janis L. Sammartino of the Southern District of California.

Plaintiff consents to her case being transferred to the Southern District of California, and consolidated into an MDL, along with the *Beell* case and the *Hunter* case. In the alternative, if the Panel determines that this case and the others must be transferred to *another* district, Plaintiff requests that transfer and consolidation be made to and in the Eastern District of California; Plaintiff is opposed to a transfer to and consolidation in the District of Nevada, as the factors which determine the appropriateness of a (potential )transferee venue suggest that the Eastern District of California is the second logical forum for transfer and consolidation, as further discussed below.

In the interests of judicial economy, Plaintiff will not reiterate the procedural history of these cases, as it has been sufficiently outlined in Defendant's motion.

///

///

## II. Legal Argument

### A. Standard For Determining Proper Forum For Transfer

In determining whether cases should be transferred to a particular district as part of a consolidation, the Panel generally considers the following factors: 1) whether the parties agree on a transferee forum; 2) the location of the parties and witnesses; 3) the centrality of the location for the convenience of the parties and witnesses; 4) where the cases are pending; 5) the congestion of the potential transferee forum's docket; and 6) the judge's familiarity with the issues involved. *See In re "Factor VIII or IX Concentrate Blood Prods." Liab. Litig.*, 853 F. Supp. 454, 455 (J.P.M.L.); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1379 (J.P.M.L. 2001); *In re SIGG Switzerland (USA), Inc., Aluminum Bottles Mktg. and Sales Practices Litig.*, 628 F. Supp. 2d 1347, 1349 (J.P.M.L. 2010).

### B. The Southern District of California or the Eastern District Of California Are The Proper and Only Forums to Which The Cases Should be Transferred to and Consolidated In

#### i. Whether Parties Agree on a Transferee Forum

The *Hunter* lawsuit was filed in the Southern District of California, thus clearly establishing the *Hunter* plaintiff's consent to litigate this case further in the same district. The plaintiff in *Beell* agrees that the Southern District of California is the proper forum to which all the cases at issue should be transferred, as part of the MDL consolidation; as does Plaintiff. In response to Defendant's Motion to Transfer and Consolidate, the plaintiff in *Beell* acknowledged that the Southern District of California is an appropriate forum for transfer and consolidation. **(ECF Doc No. 12 at p. 2).** The *Beell* plaintiff went as far as consenting to a transfer to the Southern District of California. Thus, with all three (3) named plaintiffs *and* Defendant being in

agreement that the Southern District is a proper forum for transfer and consolidation, this factor weighs in favor of a transfer to, and consolidation in, the Southern District.

Further, for the reasons set forth below, the Eastern District of California is the only other (proper) alternative forum for transfer and consolidation.

### ii. Location of the Parties and Witnesses and Centrality of Location

Plaintiff's Counsel and counsel for the *Hunter* plaintiff have offices within the Southern District of California, and the *Hunter* plaintiff resides within the Southern District of California. Thus, with two of three named plaintiffs' counsel having offices within the Southern District, and at least one (1) of three (3) named plaintiffs residing within the same, the location factor weighs heavily in favor of the Southern District of California being the proper forum for transfer and consolidation.

Further, with Plaintiff residing in the Eastern District, and the *Hunter* plaintiff residing in the State of California, wherein the Eastern District lies, the Eastern District of California is the second logical choice for transfer and consolidation, with regards to this particular factor.

The Southern and Eastern Districts are central locations for this matter considering that geographically, two (2) of three (3) named plaintiffs reside within the Eastern and Southern Districts of California, respectively, and the other named plaintiff, *Beel* resides *outside* the District of Nevada. If the majority of the named plaintiffs live in the state maintaining two (2) of three (3) judicial districts (where cases at issue were filed), either of such districts are far more central than the only judicial district outside the state. Naturally, with even the *Beell* plaintiff conceding that the Southern District of California is central for *her* and her counsel, it would appear that the Southern District of California is the *most central* forum for transfer and

consolidation, with the Eastern District being the next most central forum for transfer and consolidation.

With the exception of the Southern District, no other judicial district is more central for these proceedings than the Eastern District of California; no party will be able to prove why any other district then, is more central than the Eastern District. After all, if the Defendant in this case believes the Southern District of California is the proper forum, with regards to location and centrality, and two of three (3) named plaintiffs reside within California, and the other *does not* reside in Nevada, it is illogical that the District of Nevada or *any* district outside the state of California would be a more proper forum for transfer and consolidation (with regards to centrality and location) than the Eastern District of California.

By operation of Defendant's motion alone, Defendant's geographical connection to the state of Nevada will and should not have any bearing on the efficiency of litigation moving forward either. Even Defendant believes the District of Nevada is not a proper forum for transfer and consolidation:

> **Plus, the Southern District of California is the natural mid-point location of the three district courts and easily accessible by the parties and counsel. Indeed, Plaintiffs' counsel in the *Neal* and *Hunter* actions have offices conveniently close to the Southern District of California court. And counsel for FNCB has offices in Southern California making the Southern District of California venue easily accessible. These geographic and efficiency benefits in support of the Southern District of California venue outweigh any potential inconvenience to Las Vegas-based counsel in the *Bell* action which can be alleviated by the ability to appear telephonically when needed.**

(ECF Doc No. 1-1).

///

Thus, the Southern or Eastern District of California is the proper choice of forum for transfer and consolidation, when factoring in the location of parties and the centrality of the proposed forum.

### iii. Where The Cases Are Pending

This factor clearly is not determinative generally, *or* under the current circumstances; all three (3) cases are filed in different judicial districts. The only common ground is that two (2) of three (3) such cases are filed within the same state, California. As such, one of the California districts is the logical choice for transfer and consolidation, with the Southern District being the *most appropriate* choice.

### iv. Congestion of Potential Transferee Forum's Docket

While the District of Nevada has presided over eleven (11) MDLs historically, all of which are currently active, the Southern District of California has presided over six-hundred and twenty-two (622) MDLs.[1] From a sheer experience standpoint, the Southern District of California has presided over approximately fifty-six (56) times as many MDLs as the District of Nevada; not to mention, one-hundred percent (100%) of MDLs collectively handled in the District of Nevada are currently pending therein. *Id.* The District of Nevada, per its experience, is not less congested than the Southern District of California, and thus, is not more prepared to preside over another MDL than the Southern District of California, which has presided (through completion) over three (3) times as many MDLs as the District of Nevada currently has pending.[2]

Thus, this factor weighs in favor of a transfer to the Southern District of California.

---

[1] http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-19-2014.pdf
[2] *Id.*

### v. The Judge's Familiarity With the Issues Involved

While judges in any of the proposed forums are well qualified to preside over the proposed MDL, the Southern District's overwhelming experience handling MDLs makes it clear that the Southern District is the most appropriate forum to transfer and consolidate the cases at issue.

## III. Conclusion

With all parties in agreement that the Southern District of California is the proper forum for transferring and consolidating the cases, it is *the* most logical choice; however, as an alternative, the factors considered by Panel suggest that the Eastern District of California is the second most logical choice, and certainly a far more appropriate forum for transfer and consolidation than the District of Nevada. Thus, Plaintiff humbly requests that the Panel transfer all cases to, and consolidate them in, the Southern District of California, and in the alternative, the Eastern District of California.

**Dated: February 26, 2014**

**By: /s/Todd M. Friedman**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager (SBN 252114)
nbontrager@attorneysforconsumers.com
Suren N. Weerasuriya (SBN 278521)
sweerasuriya@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio S #101, San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

IN RE: *First National Collection Bureau, Inc. TCPA Litigation*   MDL No. 2527

**PLAINTIFF CLAUDETTE NEAL'S RESPONSE TO MOTION TO TRANSFER AND CONSENT TO TRANSFER AND CONSOLIDATE**

**Certificate of Service**

Pursuant to Rule 4.1(a) of the Rules of Procedure for the U.S. Judicial Panel on Multidistrict Litigation, I hereby certify that a copy of the following document(s) was/were electronically filed, and served on all parties listed below, via ECF, on February 26, 2014:

**PLAINTIFF CLAUDETTE NEAL'S RESPONSE TO MOTION TO TRANSFER AND CONSENT TO TRANSFER AND CONSOLIDATE.**

The Court's CM/ECF filing system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and ECF-registered users. This NEF constitutes serve of the above listed document(s). Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

**Parties Served**

Gary J. Lorch
glorch@gordonrees.com
Amy Maclear
amaclear@gordonrees.com
GORDON & REES, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gary J. Lorch
glorch@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Stephanie J. Smith
sjsmith@gordonrees.com
GORDON & REES LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169

Robert E Schumacher
GORDON & REES LLP
3770 Howard Hughes Pkwy., Ste. 100
Las Vegas, NV 89169
(702) 577-9300
Fax: (702) 255-2858
Email: rschumacher@gordonrees.com

Issa Kalani Moe
moei@moss-barnett.com
MOSS & BARNETT P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Christopher D. Holt
cholt@klinedinstlaw.com
KLINEDINST PC
5 Hutton Center Drive, Suite 1000
Santa Ana, CA 9270

*Attorneys for Defendant First National Collection Bureau, Inc.*

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Christopher L. Dore
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Marc P. Cook
cnklawfirm@aol.com
Bailus Cook & Kelesis, Ltd.
400 South 4th Street, Suite 300
Las Vegas, Nevada 89101
Tel: 702.737.7702
Fax: 702.737.7712.
*Counsel for Plaintiff Jessica Beell*

Douglas J. Campion
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, CA 92108

Daniel G. Shay
danielshay@sandiegobankruptcynow.com
LAW OFFICES OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108

Steven E. Kaftal
Steve@Kaftal.com
Law Offices of Steven E. Kaftal
409 Camino Del Rio South, Suite 101B
San Diego, CA 902108

*Attorneys for Plaintiff Nanette Hunter*

I have arranged for service of a copy of the foregoing on the following court clerks, as required by the Judicial Panel on Multidistrict Litigation's Panel Rules:

U.S. District Court
Southern District of California
Office of the Clerk
333 West Broadway, Suite 420
San Diego, CA 92101

U.S. District Court
Eastern District of California
Office of the Clerk
501 I Street, Room 4-200
Sacramento, CA 95814

U.S. District Court
District of Nevada
Office of the Clerk
333 Las Vegas Blvd., South
Las Vegas, NV 89101

**Dated: February 26, 2014**

**By: /s/Todd M. Friedman**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager (SBN 252114)
nbontrager@attorneysforconsumers.com
Suren N. Weerasuriya (SBN 278521)
sweerasuriya@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio S #101, San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022